22 F.3d 1107
 33 U.S.P.Q.2d 1136
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AL-SITE CORP., Plaintiff-Appellant,
v.
The BONNEAU COMPANY, Defendant-Appellee.
 No. 93-1167.
 United States Court of Appeals, Federal Circuit.
 March 31, 1994.
 
 Before RICH, RADER and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Al-Site Corporation (Al-Site), assignee of U.S. Patent 4,976,532 (the '532 patent), appeals from the November 23, 1992 final judgment of the United States District Court for the Central District of California, Case No. CV 91-2167, granting partial summary judgment of non-infringement of the '532 patent in favor of The Bonneau Company (Bonneau). Because Al-Site has failed to identify evidence of record that establishes the existence of a genuine issue of material fact, we affirm.
 
 DISCUSSION
 
 2
 * The '532 patent claims a hanger for displaying eyeglasses. In the district court, Al-Site alleged that two separate products manufactured by Bonneau infringed independent claim 8 of the '532 patent. Bonneau discontinued manufacture of one of the accused products shortly after Al-Site had filed suit in the district court. Bonneau continued to manufacture, however, the second of its accused products--namely, the "Bonneau Slide Hook"--which is the subject of the present appeal. Bonneau moved for partial summary judgment that its Slide Hook did not infringe the '532 patent, either literally or under the doctrine of equivalents. In pertinent part, claim 8 recites "a body having aperture means adapted to receive a horizontally extending cantilevered support." Bonneau conceded for the purposes of summary judgment that its accused Slide Hook incorporated all of the limitations of claim 8 except for the "aperture means."
 
 
 3
 Relying on the specification and drawings of the '532 patent, the district court concluded that a proper construction of claim 8 limited the aperture means to an enclosed hole for performing the recited function of "receiv[ing] a horizontally extending cantilevered support." It was undisputed that Bonneau's Slide Hook does not have an enclosed hole, but rather utilizes a "T-shaped" configuration to perform the claimed function. In view of this fact, the district court concluded that Bonneau had established the absence of a genuine issue of material fact regarding literal infringement of claim 8. Concerning infringement under the doctrine of equivalents, it was conceded by Al-Site that, while the claimed invention was usable with either a single support arm or a pair of support arms, Bonneau's Slide Hook was not usable with a single support arm. Rather, the Bonneau Slide Hook necessarily required a pair of support arms due to its T-shaped configuration. In view of this fact, the district court accepted Bonneau's position that no genuine issue of material fact existed with respect to the conclusion that the claimed and accused devices do not operate in substantially the same way. The questions presented on appeal are (i) whether the district court correctly interpreted claim 8 as a matter of law, and (ii) whether the district court correctly determined the absence of a genuine issue of material fact in granting Bonneau's motion for partial summary judgment of non-infringement.
 
 II
 A.
 
 4
 In deciding whether to grant a motion for summary judgment, a court must first determine whether a genuine issue exists as to any material fact. Fed.R.Civ.P. 56(c). A genuine dispute is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the issue in favor of the non-movant. Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562 (Fed.Cir.1987). In other words, a motion for summary judgment is properly granted only, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A.B. Chance Co. v. RTE Corp., 854 F.2d 1307, 1310 (Fed.Cir.1988). If the moving party satisfies its burden, summary judgment must be granted unless the non-movant presents evidence sufficient to establish the existence of a genuine issue of material fact. See SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1116 (Fed.Cir.1985). To establish the existence of a genuine issue of material fact, the non-movant "must point to an evidentiary conflict in the record; mere denials or conclusory statements are insufficient." Id. (citing Barmag Barmer Maschinenfabrik AG v. Murata Mach., 731 F.2d 831, 836 (Fed.Cir.1984)). Whether the above standards for summary judgment have been met and whether the procedural and substantive law were correctly applied by the district court are reviewed de novo by this court. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed.Cir.1987).
 
 B.
 
 5
 Determining whether a patent is infringed involves a two-step inquiry: (1) interpreting the claims; and (2) comparing the properly interpreted claims to the accused device. Read Corp. v. Portec, Inc., 970 F.2d 816, 821 (Fed.Cir.1992). Claim interpretation is a question of law amenable to summary judgment, Johnston v. IVAC Corp., 885 F.2d 1574, 1579-80 (Fed.Cir.1989), and disagreement over the meaning of a term within the claim does not necessarily create a genuine issue of material fact. Becton Dickinson & Co. v. C.R. Bard, Inc., 922 F.2d 792, 797 (Fed.Cir.1990). Claims are construed as a matter of law by the district court, and the construction given the claims is reviewed de novo by this court on appeal. Read Corp., 970 F.2d at 822-23. The comparison of the properly construed claims to the alleged infringing structure, the ultimate question of infringement, is a question of fact. SRI Int'l, 775 F.2d at 1125; Lemelson v. United States, 752 F.2d 1538, 1547 (Fed.Cir.1985). Al-Site, as assignee of the '532 patent, bears the burden of proving infringement by a preponderance of evidence. Mannesmann DeMag Corp. v. Engineered Metal Prods., Co., 793 F.2d 1279, 1282 (Fed.Cir.1986).
 
 
 6
 Under 35 U.S.C. Sec. 112, p 6, a patentee may express one or more elements of a combination
 
 
 7
 [a]s a means ... for performing a specified function without the recital of structure ... in support thereof, and such claim shall be construed to cover the corresponding structure ... described in the specification and equivalents thereof.
 
 
 8
 To determine whether a claim element written in means-plus-function form is met literally, "[t]he court must compare the accused structure with the disclosed structure, and must find equivalent structure as well as identity of claimed function for that structure." Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 934 (Fed.Cir.1987) (in banc ); accord Valmont Indus., Inc. v. Reinke Mfg. Co., 983 F.2d 1039, 1042 (Fed.Cir.1993) ("[f]or a means-plus-function limitation to read on an accused device, the accused device must employ means identical to or the equivalent of the structures ... described in the patent specification[, and] must also perform the identical function as specified in the claims."). The breadth of equivalents accorded to a means-plus-function element under 35 U.S.C. Sec. 112, p 6, is determined by reference to the patent specification, the prosecution history, other claims in the patent, expert testimony when applicable, and the language of the asserted claim. King Instrument Corp. v. Otari Corp., 767 F.2d 853, 862 (Fed.Cir.1985), cert. denied, 475 U.S. 1016 (1986). The issue of equivalence under 35 U.S.C. Sec. 112, p 6 is a question of fact. Palumbo v. Don-Joy Co., 762 F.2d 969, 975 (Fed.Cir.1985).
 
 C.
 
 9
 If an accused product does not fall within the literal language of a properly construed claim, infringement may be shown nevertheless "if an accused device performs substantially the same function in substantially the same way to achieve substantially the same result." London v. Carson Pirie Scott & Co., 946 F.2d 1534, 1538 (Fed.Cir.1991). The plaintiff bears the burden of showing "the presence of every element or its substantial equivalent in the accused device." Id. A determination of equivalence under the doctrine of equivalents is a question of fact. Lemelson v. United States, 752 F.2d 1538, 1550 (Fed.Cir.1985).
 
 III.
 
 10
 As noted above, the district court concluded that the aperture means of claim 8 was limited to an enclosed hole for performing the recited function of receiving a horizontally extending cantilevered support. Al-Site contends that the district court erred as a matter of law because, in construing the aperture means language, it "looked first to the structure of the aperture means in the '532 patent and tried to determine what function that structure performed." Instead, Al-Site continues, the district court should have first looked to the function set forth in the means-plus-function clause of claim 8 of the '532 patent, and only then should the court have identified the particular structure disclosed in the '532 patent that performed the recited function. This alleged error of law, Al-Site argues, warrants reversal of the district court's grant of partial summary judgment. We disagree.
 
 
 11
 Initially, it is well settled that "this court reviews judgments not opinions." Atlantic Thermoplastics Co. v. Faytex Corp., 5 F.3d 1477, 1480 (Fed.Cir.1993) (citing King Instrument, 767 F.2d at 862). Accordingly, we will not disturb the district court's grant of partial summary judgment unless it was predicated on harmful error. It this regard, we conclude that as a matter of law the district court arrived at the correct result in construing the aperture means of claim 8 as being limited to an enclosed hole, and equivalents thereof, for performing the recited function of receiving a horizontally extending cantilevered support. In accomplishing this function, the specification of the '532 patent discloses two different embodiments of the invention--one in figures 1-3 (in which the aperture means receives a pair of support arms) and the other in figures 4-7 (in which the aperture means receives a single support arm). In both embodiments, however, the aperture means consists of the same structure--namely, an enclosed hole. Nowhere in the '532 patent is there a suggestion that the aperture means structure is anything other than an enclosed hole. Consequently, we decline to accord claim 8 a construction broader than the patentee envisioned. We believe that this construction of claim 8 is consistent with the well-settled rule that 35 U.S.C. Sec. 112, p 6, operates to restrict, rather than expand, the types of means that could literally satisfy a claim drafted in means-plus-function language. Johnston, 885 F.2d at 1580.
 
 
 12
 The prosecution history of the '532 patent supports this construction. In the parent application, U.S. Serial No. 145,222, the examiner rejected each of the independent claims as being obvious under 35 U.S.C. Sec. 103 in view of, inter alia, U.S. Patent No. 3,710,996 (Smilow et al.), entitled "Display Belt Hanger." Figures 1, 3, and 4 of Smilow et al. clearly disclose a hanging device having an open-ended slot 18 which is engageable with a horizontally supported rod 19'. In response to this rejection, Al-Site stated that its claimed hanger was not obvious in view of the cited reference because Smilow et al. did not teach the feature of an aperture means as claimed. The fact that Al-Site expressly stated that the open-ended slot of Smilow et al. did not teach its claimed aperture means lends credence to the interpretation that "aperture means" is limited to an enclosed hole and structural equivalents thereof. See, e.g., Jonsson v. Stanley Works, 903 F.2d 812, 818 (Fed.Cir.1990) ("This court has noted that 'arguments made during the prosecution history are relevant in determining the meaning of the terms at issue.' ") (quoting E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co., 849 F.2d 1430, 1438 (Fed.Cir.), cert. denied, 488 U.S. 986 (1988)).
 
 
 13
 Having concluded that the aperture means of claim 8 is limited to an enclosed hole and equivalents thereof, we turn next to the question of whether a genuine issue of material fact exists as to the ultimate factual determination of infringement. In this regard, Bonneau maintains, as it did before the district court, that no genuine issue of material fact exists on that point for the two following reasons. First, Bonneau contends that the claimed aperture means and the Slide Hook perform different functions in that the aperture means is adapted to accommodate both a double arm support and a single arm support, whereas the Slide Hook is not so adapted. Second, Bonneau contends that the claimed aperture means and the Slide Hook are not structurally equivalent because the enclosed hole aperture means can be mounted on the support arm only by sliding it over the free front end of the support arm, whereas the open ends of the Slide Hook may be engaged with the support arms at a midpoint thereof.
 
 
 14
 For the purposes of this appeal, we will assume, contrary to Bonneau's view, that the T-shaped configuration of the accused Slide Hook performs the identical function as the claimed aperture means, viz., to receive a horizontally extending cantilevered support. It is undisputed, however, that because the T-shaped configuration is not an enclosed hole, the accused device does not possess the identical structure as disclosed in the '532 patent for performing the recited function. Therefore, the question becomes whether, as a matter of fact, the T-shaped configuration of the accused device is equivalent to the enclosed hole aperture means disclosed in the '532 patent.
 
 
 15
 Having reviewed the evidence of record, including the declarations of Al-Site's two experts, we conclude that Al-Site has failed to identify the existence of a genuine issue of material fact on this point. As noted above, Al-Site would have the burden at trial of proving equivalence by a preponderance of evidence. Accordingly, in order to withstand a motion for summary judgment, Fed.R.Civ.P. 56 requires Al-Site to "designate specific facts showing that there is a genuine issue for trial." London, 946 F.2d at 1537 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). A careful review of the declarations relied upon by Al-Site reveals them to be devoid of such specific facts. Rather, the statements pointed to by Al-Site are merely conclusory statements with no underlying factual support. Specifically, the declaration of Gordon Hallerman states in pertinent part:
 
 
 16
 In my opinion, the "aperture means" of Claim 8 clearly encompasses the opposed slots in The Bonneau Slide Hook structure since these slots receive the cantilever rods and are equivalent in structure to the "aperture means" and "cantilever" recited in Claim 8.
 
 
 17
 The declaration of Michael Rosen states in pertinent part:
 
 
 18
 The aperture means, as recited in Claim 8 is in the context of a display for non-prescription reading glasses and merely requires that the aperture be of a configuration to receive a cantilever support so that the entire hanger body with attached eyeglasses can be supported.... I regard the aperture means clause of Claim 8 of the '532 patent as reading directly on the opposed slots of The Bonneau Slide Hook structure, which, in my opinion, are equivalent in function and structure to the recited aperture means since the purpose of the slots is to receive a cantilever support.
 
 
 19
 Although the two declarations expressly state the conclusion that the accused and claimed structures are equivalent, they fail to set forth any factual basis for that conclusion. Rather, the only statements in the nature of a factual rationale (Hallerman Declaration: "since these slots receive the cantilever rods"; Rosen Declaration: "since the purpose of the slots is to receive a cantilever support") relate to the function of the aperture means, rather than to equivalence of the two structures. Consequently, we hold that partial summary judgment was properly granted regarding literal non-infringement of the '532 patent because Al-Site failed to identify a genuine issue of material fact on this point. See London, 946 F.2d at 1537 ("There can be 'no genuine issue as to any material fact' where the nonmoving party's proof is deficient in meeting an essential part of the applicable legal standard, since such failure renders all other facts immaterial.") (citation omitted).
 
 
 20
 For the same reason (i.e., deficiency of proof on Al-Site's part), we also affirm the district court's grant of partial summary judgment regarding non-infringement under the doctrine of equivalents. We read the district court's opinion as holding that Bonneau met its burden of showing entitlement to judgment as a matter of law in view of the absence of a genuine issue as to any material fact regarding the "way" prong of the function-way-result test. Because all three prongs of the function-way-result test must be satisfied to establish infringement under the doctrine of equivalents, the absence of any one prong is dispositive. Specifically, the district court credited Bonneau's argument that, as a matter of law, equivalence between the aperture means of the claimed device and the T-shaped configuration of the accused device was lacking because they did not perform the function of mounting the display device in the same way. As evidence that the claimed and accused elements operated in a different way, Bonneau relied on Al-Site's admission to Bonneau's Uncontroverted Fact No. 11 that the Slide Hook's T-shaped configuration "eliminates one element of the hanger of the '532 patent, in that the Bonneau Slide Hook is not usable with a single support arm, but necessarily requires a pair of support arms," whereas Al-Site's aperture means is usable with either a single support arm or a pair of support arms.
 
 
 21
 Al-Site argues that the district court's conclusion with respect to non-infringement under the doctrine of equivalents constitutes reversible error because it was the result of an improperly applied estoppel arising from a misinterpretation of the term "element" appearing in Bonneau's Uncontroverted Fact No. 11. However, we find it unnecessary to reach that issue. Instead, we note that Al-Site has failed to identify any portions of the evidentiary record which would raise a genuine issue of material fact as to the equivalence between the claimed and accused devices. As noted above, the declarations of Al-Site's experts are either merely conclusory or, at most, relate to the issue of identity of function between the claimed and accused devices--a fact already assumed to be true for the purposes of this appeal. As in the case of literal infringement, Al-Site had the burden of proving equivalence by a preponderance of evidence. Because the only evidence of record on that issue (i.e., Al-Site's admission to Bonneau's Uncontroverted Fact No. 11) militates against a finding that the claimed and accused device operated in substantially the same way, we conclude that no reasonable fact finder could decide that Al-Site has met its burden by preponderant evidence. Accordingly, Bonneau was properly entitled to partial summary judgment as a matter of law that its Slide Hook does not infringe, literally or equivalently, the '532 patent.
 
 
 22
 Each party shall bear its own costs.